AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

<table>
<tr><td>LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>07/08/2025<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___MB___ DEPUTY</td><td></td><td>FILED<br>CLERK, U.S. DISTRICT COURT<br><br>07/08/2025<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___KH___ DEPUTY</td></tr>
</table>

United States of America,

v.

JUVENTINO ZAVALETA-MARCOS, also known as ("aka") "Emilio Salomon Bautista,"

Defendant(s)

Case No. 8:25-mj- 00559-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 21, 2024 in the county of Orange in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/

*Complainant's signature*

MANUEL GUTIERREZ, Deportation Officer, DHS

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    July 8, 2025

/s/ Autumn D. Spaeth

*Judge's signature*

City and state:   Santa Ana, California

Hon. AUTUMN D. SPAETH, U.S. Magistrate Judge

*Printed name and title*

AUSA:  Lawrence E. Kole

## AFFIDAVIT

I, Manuel Gutierrez, being duly sworn, declare and state as follows:

### I.    PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against JUVENTINO ZAVALETA-MARCOS, also known as ("aka") "Emilio Salomon Bautista" ("MARCOS"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF MANUEL GUTIERREZ

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2018.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

4.    On or about September 21, 2024, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was in the custody of Orange County Sheriff's Department (OCSD).  The PERC issued OCSD a Detainer (Form I-247) for MARCOS.  I believe that MARCOS is currently in OCSD's custody.

5.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.    On or about June 9, 2025, I obtained and reviewed DHS A-097 812 241 (the "DHS A-File"), which is maintained for subject alien MARCOS.  The DHS A-File contained the following documents and information:

    a.    The following documents related to MARCOS's removal:

        i.    A Notice to Alien Ordered Removed/Departure Verification (Form I-296) indicating that MARCOS was officially removed from the United States on or about January 29, 2004.

        ii.   A Notice and Order of Expedited Removal (Form I-860) showing MARCOS was ordered removed to Mexico January 30, 2004.

2

iii. A Notice and Order of Expedited Removal (Form I-860) showing MARCOS was ordered removed to Mexico February 4, 2004.

iv.  A Notice to Alien Ordered Removed/Departure Verification (Form I-296) indicating that MARCOS was officially removed from the United States on or about February 4, 2004.

v.   I know from my training and experience that a Warrant of Removal or a Notice to Alien Ordered Removed / Departure Verification (Form I-296) is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The Notices to Alien Ordered Removed/Departure Verification (Form I-296) in the DHS A-File each contained a photograph, signature, and fingerprint.

b.   A Record of Deportable/Inadmissible Alien (Form I-213) dated February 4, 2004, listed a Federal Bureau of Investigation Identification number ("FBI number").  I compared the FBI number to the one listed on the electronic notification received from the PERC.  These documents list the same FBI number.  I thus believe that the DHS A-File and its contents corresponded to MARCOS.  The Form I-213 also states that MARCOS was interviewed and admitted to being a citizen of Mexico.

c.   Records of Sworn Statements in Proceedings dated January 30, 2004 and February 4, 2004 in which MARCOS admitted to being a citizen of Mexico.

3

7.    On or about June 9, 2025, I reviewed the printouts of DHS computer indices on MARCOS.  Based on my training and experience, I know that the DHS computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to reapply for admission to the United States.  The DHS computer indices confirmed that MARCOS had been removed, deported, and/or excluded on the dates indicated on the Notices to Alien Ordered Removed/Departure Verification, found in the DHS A-File.  The DHS computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States.

8.    Based on my review of the DHS A-File, I determined that it does not contain any record of MARCOS ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

## IV. CONCLUSION

9.    For all the reasons described above, there is probable cause to believe that JUVENTINO ZAVALETA-MARCOS has committed a

/ / /

/ / /

4

violation of Title 8, United States Code, Section 1326(a),

Illegal Alien Found in the United States Following Deportation.


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __8__ day of July 2025.


_____/s/ Autumn D. Spaeth_____
HONORABLE AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE

5